UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KARLA MILLER | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| v. | : | 3:13CV-1855 (JBA) |
| | : | |
| HOUSING AUTHORITY OF THE | : | |
| CITY OF NEW HAVEN and | : | |
| THE CONNECTION, INC. | : | |
|     Defendants | : | APRIL 15, 2015 |

### PLAINTIFF'S RESPONSE TO OBJECTION REGARDING MOTION FOR EXTENSION OF TIME

    Plaintiff files this response to the joint objection filed by defendants in this matter to her motion for extension of time within which to conduct discovery. The undersigned counsel admits the truth of at least one statement of defendants. That is, she is not similarly situated to defendants' counsel.

    1.    The undersigned counsel for the last ten months has been subjected to relentless attacks from opposing counsel in numerous cases, including motions to dismiss and motions for sanctions. Said motions have consumed an inordinate amount of time for responses thus taking time away from the merits of cases. In one case, defendant counsel filed a motion to dismiss an appeal and was granted it, when the only basis for the appeal was that a telephone number and mailing address for the client were omitted from the docketing statement.

    2.    The undersigned has been subjected to what appears to be double standards with respect to discovery in multiple cases. For example, when the undersigned filed a motion to preclude testimony regarding defendant's designation of ***two expert witnesses and expert report*** on the ***last day of discovery*** and a month after the expert disclosure deadline, her motion

for sanctions was not acted upon even two months after filing. A second motion for preclusion was necessitated. Even then, no sanctions and no preclusion was ordered.

      3.      The undersigned has been subjected to a monetary sanction for failure to redact documents, but twice the amount of sanctions for opposing counsel. Some three weeks later when the undersigned sought to have the court order opposing counsel in another matter to redact documents related to her client, a former police officer, no action was taken by the court, no order was entered and no sanctions were imposed on opposing counsel. The address, telephone number, social security number, driver license number, all matters that are normally highly protected for police officers, were not ordered to be redacted/protected.

      4.      The undersigned has been refused the continuance of a matter scheduled for trial when she sought medical treatment even when the same matter only two days earlier was continued at the request of opposing counsel who wished to attend a *funeral*.

      5.      The undersigned has been ordered by a state court judge to leave a deposition of her client in a federal court matter that was *in progress* in order to appear in state court, and informed that she should self-report to the grievance committee for alleged misrepresentations to the court when it should have been obvious that the undersigned could not be in two places at the same time.

      6.      The undersigned has been ordered to appear for a Show Cause Hearing before the entire appellate court and sanctioned with suspension and referral to the *disciplinary counsel* for alleged failures to comply with appellate rules of procedure (e.g. alleged failure to filing a transcript even though the transcript in question had been on file for some five months; alleged failure to timely file court reporter acknowledgement form even when in another instance court reporters failed to respond to **two transcript requests** sent by certified mail).

7.       The foregoing is a mere sample of the manifold attacks that have consumed far too much of the time of the undersigned and thus resulting in insufficient time to handle the merits of cases.

It is respectfully submitted that the attacks and opportunism of opposing counsels in cases handled by the undersigned should end and the merits of cases be focused on.  Plaintiff's discovery efforts should receive no less opportunity than those of defendants.  If they were truly similarly situated to the undersigned, and enduring the same kind of treatment as has been outlined, indeed they might not even be able to continue standing.  Plaintiff's motion for extension of time should be granted.

**THE PLAINTIFF,**

By /s/   *Josephine S. Miller*
Josephine S. Miller, Fed Bar #ct27039
152 Deer Hill Avenue, Suite 302
Danbury, CT 06810
Tel:  (203) 512-2795
Fax (203) 702-5188
Email:  jmillerlaw@sbcglobal.net